IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 23-y-00161-RM

In the matter of

MARGARITA ARELLANO,

    Juror.

**ORDER TO SHOW CAUSE**

This matter is before the Court *sua sponte* upon consideration of the failure of Margarita Arellano to continue to appear to complete her jury duty in a pending civil matter.

Margarita Arellano was summoned to jury duty in this court beginning on March 27, 2023. On that date she was selected to be placed in the jury box for further examination in the case of *Duke University and Allergan Sales, LLC v. Sandoz, Inc.,* 18-cv-00997-RM-KLM. Ms. Arellano was sworn in as a panelist and questioned.

At about 10:30 a.m. on that date, a morning recess was taken. Panelists were required by the Court to return to return in 20 minutes. Ms. Arellano left, never returned nor did she call to advise as to why she did not return. All other panelists were present and prepared to proceed with selection.

The Clerk's office telephoned Ms. Arellano. She did not answer. A message was left indicating that she needed to be in Court. She did not respond.

Having not contacted the Court for days, Ms. Arellano appeared in the Clerk's Office on March 30, 2023. By this time, a jury had been selected and trial was underway. Ms. Arellano

left a note, attached, which essentially admitted leaving and not returning to attend to some other appointment she deemed more important.

A district court has the inherent power to enforce its orders through contempt. *United Mine Workers of America v. Bagwell*, 512 U.S. 821, 831 (1994). This power is codified at 18 U.S.C. § 401, which provides, in relevant part, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

Contempt proceedings are either civil or criminal in nature. The difference between the two types of contempt turns on the character and purpose of the sanction involved. *Bagwell*, 512 U.S. at 827-828. The contempt is civil if the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order. *See Colombo v. New York*, 405 U.S. 9, 10-11 (1972); *United States v. Haggerty*, 528 F. Supp. 1286, 1296 (D. Colo. 1981). The contempt is criminal when the penalty is fixed and there is no possibility of purging the contempt by compliance. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966).

The sanction contemplated under the circumstances here involves punishing Ms. Arellano for actions that have already occurred and vindicating the dignity and authority of the court; therefore, it is criminal in nature. *Bagwell*, 512 U.S. at 828 - 829; *Local 28 of Sheet Metal Workers' Int'l Ass'n v. E.E.O.C.*, 478 U.S. 421, 443 (1986); *In re Lucre Mgmt. Group, LLC*, 365 F.3d 874, 876 (10th Cir. 2004). "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings." *Bagwell*, 512 U.S. at 826 (citations and internal quotation marks omitted). Accordingly, "criminal contempt sanctions are entitled to

full criminal process." *Id*. at 833.  This includes the right to counsel and proof beyond a reasonable doubt.  *Id*. at 834.  *See also United States v. Peterson*, 456 F.2d 1135, 1139-40 (10th Cir. 1972).  If the prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also is entitled to a trial by jury.  *Bagwell*, 512 U.S. 826 - 827; *Taylor v. Hayes*, 418 U.S. 488, 495 (1974); *Federal Trade Commission v. Kuykendall*, 371 F.3d 745, 752 (10th Cir. 2004).  The Court will not seek more than six months of imprisonment.

It appears to the Court that the unexcused failure of Ms. Arellano to return for continued jury service constitutes contempt under 18 U.S.C. § 401(3).  Ms. Arellano's failure to continue her jury service constitutes the ostensible disobedience of the lawful order of the Court that potential jurors return to Court following the morning break on March 27, 2023, so that selection in *Duke University and Allergan Sales, LLC v. Sandoz, Inc.,* could continue.

Pursuant to Fed. R. Crim. P. 42(a)(2), the Court finds the interests of justice do not require the appointment of a prosecuting attorney other than an attorney for the government.  However, if the government declines to appoint an attorney to prosecute this matter, the Court will appoint another attorney to prosecute the contempt.  Fed. R. Crim. P. 42(a)(2); *see also Mellott v. MSN Comm., Inc.*, No. 09-cv-02418-PAB-MJW, 2011 WL 1597681, at *1 (D. Colo. April 28, 2011).  Because the criminal contempt does not involve disrespect toward or criticism of me personally, I find and conclude that I am not disqualified from presiding over the hearing or trial in this matter.  Fed. R. Crim. P. 42(a)(3).

Based on the foregoing, it is **ORDERED** as follows:

1. That Margarita Arellano shall appear in person at an initial appearance and advisement of rights hearing to be held on **May 3, 2023, at 10:00 a.m.**, in Courtroom A601 on the Sixth Floor of the Alfred A. Arraj United States Courthouse, 901 19th

Street, Denver, Colorado 80294;

2. That the attorney for the government is appointed to prosecute the criminal contempt contemplated by this Order to Show Cause;

3. That because the hearing and any further proceedings may result in the imposition of a fine or imprisonment of Ms. Arellano, she may, if she chooses, retain an attorney to represent her at the hearing;[1]

4. That if Ms. Arellano fails to appear in person at the hearing, the Court shall issue a warrant for her arrest; and

5. That the United States Marshal shall serve this Order to Show Cause on Ms. Arellano in person at her address of record or at any other place where she may be found.

DATED this 3rd day of April, 2023.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] If Ms. Arellano is unable to afford an attorney, he may apply for representation without cost under the Criminal Justice Act, 18 U.S.C. § 3006A, by contacting the Clerk of the Court (303-844-3422) sufficiently in advance of the hearing and completing the necessary paperwork.